HEATHER E. WILLIAMS, #122664
Federal Defender
VICTOR M. CHAVEZ, Bar #113752
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: 559-487-5561/Fax: 559-487-5950

Attorneys for Defendant
CIRILO ALVAREZ-MONCADA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00127 DAD-BAM |
|---|---|
| *Plaintiff*, | **EX PARTE PETITION FOR RELEASE OF PROBATION RECORDS; ORDER; DELCARATION** |
| vs. | |
| CIRILO ALVAREZ-MONCADA, | |
| *Defendant*. | JUDGE: Honorable Dale A. Drozd |

**I.**

**INTRODUCTION**

This case is set for sentencing on March 11, 2019. The schedule was modified to allow for additional research into a guideline issue that was identified by defendant during preparation of his objections. Currently there is a disagreement concerning the calculation of the base offense level. In its reply to defendant's informal objections the probation officer referred to certain records in her possession. Defendant has requested a copy of the records. Probation states it cannot release these records but will make them available to defense counsel for review at the probation office. Defendant is requesting that a copy of the records be provided to his attorney for his use in analyzing the guideline issue presented in this case. These records are of a type that is routinely provided to defendants by the government. Counsel wants them in order to review them for as long as he chooses, to write on them, to use them as exhibits, in sum, to

perform his ordinary role in representing his client.

The records consist of police reports, a rap sheet, court records concerning the conviction and sentence at issue, California Department of Corrections and Rehabilitation records concerning that case. Defendant would like a copy of all of the records that the probation officer relied on in her analysis. Defendant has requested the records three times. The probation office states it cannot provide a copy of the records because they were obtained with the understanding that they would not be disclosed to third parties without express authorization from the providing agency.

Cirilo Alvarez-Moncada, through his counsel of record, hereby petitions the Court pursuant to Local Rules of the United States District Court, Eastern District, Rule 461(b) for release of records probation relied upon to calculate his guidelines. Under Local Rule 461(a) probation records are confidential records of the U.S. District Court. Disclosure of such records is available under Rule 461(b) upon a showing of need for the particular information contained in the records. The defense needs these records because they may explain the probation officer's analysis of the guidelines and clarify how the state court and the CDRC treated the conviction and sentence referenced at paragraph 32 of the Presentence Report. These records may be useful to defendant's analysis of how the case was treated which will affect the scoring of the case under the guidelines and relevant case law.

These records are of a type that defense counsel often receives from the government. They are not "secret documents". Defense counsel needs to study these documents and review them in connection with relevant case law. It would be unreasonable to expect counsel to go to the probation officer and copy these documents by hand. Moreover, review of the documents would likely entail more than one visit to the probation office. (See Declaration of Victor M. Chavez.)

## II.

## RECORDS REQUESTED

The records defendant requests are those probation used to determine the criminal history and base offence levels for the offense described in No. 32 of the Presentence

Investigation Report. Probation stated in its response to defendant's informal objections that it based its analysis on CDCR records and information, a rap sheet, Stanislaus County Superior Court records and police reports. (Probation's Response to Objection, on No. 32, attached as Exhibit 1 and See Exhibit 2, Defendant's Informal Objections, at No. 1.) In the course of computing the guidelines defendant has used some court records, a rap sheet, and other documents. Defendant does not have any records from the state prison system (CDCR). Defendant could obtain the state prison records but this would involve unnecessary delay and would not include any additional information such as that which probation states it received from CDCR and the Superior Court. The issue involves the case in the PSR at No. 32 where, according to the draft PSR, defendant received a 2 year prison term on January 27, 2012 and was released on Post Release Community Supervision on March 5, 2012. The PSR gives 3 criminal history points for this sentence and adds 8 levels to the base offense level under U.S.S.G. § 2L1.2(b)(3), (PSR No. 17) This information did not comport with the fact that at the time defendant appeared in Stanislaus County Superior Court on January 27, 2012, he was serving a 27 month federal prison term for the case presented in the PSR at No. 33. The critical point is whether defendant actually served a period of imprisonment on this sentence (No. 32). The defense believes that he did not because he arrived at Stanislaus County Superior Court on a writ. He entered his plea, was sentenced, then returned to federal prison. The import of this scenario is that defendant would receive 1 criminal history point, not 3, for this offense. His criminal history would not change. However, on his base offense level rather than an 8 level increase under U.S.S.G. § 2L1.2(b)(3)(B) he would receive a 4 level bump under U.S.S.G. § 2L1.2(b)(3)(D). The difference is that the guidelines would decrease from 84-105 to 57-71 months.

**III.**

**CONCLUSION**

In fairness defendant should receive a copy of the documents and information that probation used to respond to defendant's informal objections. Defense counsel should be able to study these documents as long as he desires and not be limited to perusing them at the probation

office. Without production of these documents defense counsel could obtain some of them through other means, but that would necessitate further delay and some of the information would simply not be obtainable. The Court should order disclosure of the documents and information.

Respectfully submitted,

HEATHER E. WILLIAMS  
Federal Defender

DATED: January 28, 2019     */s/ Victor M. Chavez*  
VICTOR M. CHAVEZ  
Assistant Federal Defender  
Attorney for Defendant  
CIRILO ALVAREZ-MONCADA

## ORDER

The court has considered defendant's Ex Parte Petition For Release of Probation Records. The U.S. Probation Office has appropriately declined to provide copies of the requested records to defense counsel absent a court order in light of restrictions on the release of records obtained by probation from outside sources. However, given the fact that the records in question relate specifically to defendant, as to him there are no privacy concerns surrounding the requested release of records to his counsel. Accordingly, in light of the unique circumstances presented here, defendant's *ex parte* petition for release of records is granted.

IT IS SO ORDERED.

Dated: **January 29, 2019**     _____  
UNITED STATES DISTRICT JUDGE

**Declaration of Victor M. Chavez**

I, Victor M. Chavez hereby declare as follows:

1. I am the Assistant Federal Defender appointed to represent Mr. Alvarez-Moncada in this case.

2. There is a dispute as to the applicable base offense level, which turns on the facts and circumstances of the sentencing of defendant on the case summarized in the presentence report at No. 32.

3. I first raised this issue at the time that I prepared informal objections. In her response, the probation officer indicated she relied on CDCR records, a RAP sheet, information from the Stanislaus County Superior Court officials, information given by CDCR officials.

4. These are records that I often receive from the government. I probably have the rap sheet, although sometimes there are multiple rap sheets. I could obtain these records by subpoena and other means, but that would entail unnecessary delay. To the extent that the Superior Court and CDCR provided clarification or additional information, I could not obtain that.

5. I am requesting disclosure of these records so that I can review and study them in order to prepare my argument. I do not want to make multiple trips to the probation office, nor do I want to have to manually copy documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day, January, 2019.

DATED: January 28, 2019               */s/ Victor M. Chavez*
                                      VICTOR M. CHAVEZ